Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered May 22, 2012, which, to the extent appealed from, denied defendants Josco Realty Co., LLC’s and 1452 Beach Avenue Real Estate Inc.’s motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
Defendants failed to establish prima facie that they did not breach their duty to maintain their premises in a reasonably safe manner (see Boderick v R.Y. Mgt. Co., Inc., 71 AD3d 144, 147 [1st Dept 2009]). The infant plaintiff was injured while playing on a portable basketball unit in the shared alleyway behind defendants’ respective properties. The record presents triable issues of fact whether, at times during the year or more *462 preceding the accident, each defendant’s superintendent exercised control over the unit, including its allegedly negligent and defective assembly and maintenance and its storage on defendants’ properties for extended periods of time, with the knowledge or permission of the properties’ owners and managers. Material issues of fact also exist whether each defendant had long-standing knowledge of, and acquiesced to, the neighborhood children’s regularly being allowed access to the rear alleyway to play upon the basketball unit, thus implicating a duty to prevent foreseeable harm arising from the children’s use of the structure brought out for their use by defendants’ employees (see Holtslander v Whalen & Sons, 70 NY2d 962, 964 [1988], modfg for reasons stated in dissenting op 126 AD2d 917, 919-920 [3d Dept 1987]). The record is also unclear as to when control over the basketball unit transferred from 1452 Beach Avenue’s superintendent to Josco Realty’s superintendent, and as to whose portion of the rear alleyway the accident occurred on. Concur — Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.